arch 22, 1906.) Action by Frank D. Hawns against Alice M. Gossner, impleaded with illard Young and William C. McFarland. No inion. Judgment affirmed, with costs.

---

HEIFER, Respondent, v. CONSUMERS' ARK BREWING CO. OF BROOKLYN, Appllant. (Supreme Court, Appellate Division, cond Department. March 2, 1906.) Action August Heifer against the Consumers' Park ewing Company of Brooklyn. No opinion. dgment and order affirmed, with costs.

---

HELLER et al., Respondents, v. METHNER al., Appellants. (Supreme Court, Appellate vision, First Department. February 16, 06.) Action by Abraham A. Heller and hers against William Methner and others. No inion. Motion denied, with $10 costs, without ejudice to a renewal of the motion in this urt, in the event that the default be opened the Special Term. See memorandum per riam. Order filed.

---

HOLMES, Appellant, v. NEW YORK CENT. H. R. R. CO., Respondent. (Supreme Court, ppellate Division, Fourth Department. March , 1906.) Action by Mary L. Holmes, as, etc., ainst the New York Central & Hudson River ailroad Company. No opinion. Judgment affirmed, with costs.

---

In re HOPKINS' ESTATE. (Supreme urt, Appellate Division, Second Department. arch 9, 1906.) In the matter of the probate the will of Robert E. Hopkins, deceased. No inion. Motion to resettle order denied.

---

In re HOPKINS' WILL. (Supreme Court, ppellate Division, Second Department. December 29, 1905.) In the matter of the probate the will of Robert E. Hopkins, deceased. No inion. Order of the Surrogate's Court of estchester county modified, by reducing the owance of the special guardian from $13,000 $6,500, and, as thus modified affirmed, with t costs of this appeal.

---

HOOD v. LEHIGH VALLEY R. CO. (Supreme Court, Appellate Division, Fourth Department. January 3, 1906.) Action by Polly Hood, as administratrix, etc., against the high Valley Railroad Company. No opinion. otion for leave to appeal to the Court of Appals granted.

---

HORNING, Respondent, v. HUDSON RIVR TELEPHONE CO. et al., Appellants. preme Court, Appellate Division, Third Department. March 7, 1906.) Action by Nathan Horning against the Hudson River Telepone Company and the Fulton County Gas & ectric Company. No opinion. Motion ded.

97 N.Y.S.—72

HUBBS et al., Respondents, v. LEHMANN, Appellant. (Supreme Court, Appellate Division, Second Department, March 2, 1906.) Action by Frederick v. Hubbs and Frank E. Hubbs, copartners, etc., against Belinda Lehmann. ·No opinion. Judgment affirmed, with costs.

---

HUNN, Appellant, v. WILMARTH et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 16, 1906.) Action by Walter S. Hunn against Clarence M. Wilmarth and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

ILLINGSWORTH v. ILLINGSWORTH et al. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by Elizabeth Illingsworth, as executrix, against William P. Illingsworth and others. No opinion. Motion denied, without costs.

---

INDUSTRIAL & GENERAL TRUST, Limited, v. TOD et al. (two cases). (Supreme Court, Appellate Division, First Department. March 16, 1906.) Actions by the Industrial & General Trust, Limited, against J. Kennedy Tod and another. No opinion. Motion denied, on payment of $10 costs. Order filed.

---

INGERSOLL, Appellant, v. SPRINGER, Respondent. (Supreme Court, Appellate Term. March 2, 1906.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by Edward P. Ingersoll against John H. Springer. From a judgment for defendant after trial without a jury, plaintiff appeals. Reversed. Porter & Barnes, for appellant. Elbert Crandall, for respondent.

PER CURIAM. The plaintiff asks to have the judgment reversed on the ground that evidence to vary the written ·contract was erroneously admitted. The defendant, in his brief, assumes that he proved an oral agreement, performance of which the plaintiff failed to show. The plaintiff practically makes the same assumption in his brief by complaining that he was hurt by the admission of such supposed evidence on the defendant's part. As a matter of fact it is impossible to make out from the record what were the form and dimensions of the advertisement actually printed and what were the form and dimensions which the defendant claimed it should have taken. The briefs assume and tacitly concede facts not appearing in the record, and one of the two exhibits is· not annexed to the return. So far as appears from anything before us, the advertisement printed was just what the defendant attempted to prove it should have been, but was not, done, and for being permitted to prove which the plaintiff claimed he was injured. When a proper record comes before us, we can consider the questions discussed in the briefs. Judgment reversed, and new trial ordered, with costs to abide the event.

SCOTT and GIEGERICH, JJ., concur. GREENBAUM, J., concurs in the result.